# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SAMMY LEE RUTH,**

      **Plaintiff,**

**-vs-**                **Case No. 6:07-cv-1486-Orl-22KRS**

**CITY OF APOPKA,**

      **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT NOTICE OF SETTLEMENT, MOTION FOR APPROVAL OF SETTLEMENT (Doc. No. 29)** |
| **FILED:** | **February 26, 2009** |

| | |
|---|---|
| **MOTION:** | **UNOPPOSED SUBMISSION FOR ATTORNEY'S FEES PURSUANT TO JOINT MOTION TO APPROVE SETTLEMENT (Doc. No. 31)** |
| **FILED:** | **March 5, 2009** |

## I. PROCEDURAL HISTORY.

This case was brought by Plaintiff Sammy Lee Ruth under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*. Ruth and Defendant City of Apopka seek the Court's approval of their settlement. This matter was subsequently referred to me for report and recommendation by order of the Court. Doc. No. 30.

On February 26, 2009, the parties filed their joint motion. Doc. No. 29. On March 12, 2009, Defendant filed a fully executed copy of the Settlement Agreement, Doc. No. 33[1], in compliance with the Court's order, Doc. No. 32. In addition, Counsel for Plaintiff, Edward R. Gay, Esq., filed the above-captioned submission seeking approval of the attorney's fee award, Doc. No. 31, and an affidavit itemizing his fees and costs. Doc. No. 31-2 ("Gay Aff.").

The parties' joint motion seeks approval of a settlement of $39,000.00 in unpaid wages for Ruth, $100.00 "as additional consideration for a full and general release of all claims," and $21,000.00 in attorney's fees and costs. Doc. No. 29-2 at 1-2. Gay avers that his representation of Ruth is subject to a 40% contingency fee, but that Gay "agreed to a reduction to $21,000.00 to ensure that the Plaintiff received 100% of the amount he is entitled to, $39,000.00." Doc. No. 31 ¶ 2.

As the motion is unopposed, and Gay has filed his affidavit containing the time records and an explanation of the settlement distribution, it is ripe for consideration.

## II. APPLICABLE LAW.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353. In *Silva v. Miller*, No. 08-12011, 2009 WL 73164 (11th Cir., Jan. 13,

---

[1] Counsel for Ruth represents that the crossed-out sections of the settlement agreement were merely to strike the jurat, not to indicate that the City of Apopka did not approve the settlement. *See* Doc. No. 33 at 1 n.1.

-2-

2009),[2] the Eleventh Circuit wrote that the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" *Id.* at *1 (quoting *Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946)). Therefore, in any case where a plaintiff agrees to accept less than his full FLSA wages and liquidated damages, he has compromised his claim within the meaning of *Lynn's Food Stores*.

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 2009 WL 73164, at *2. If the Court finds the payment to the attorney is not reasonable, the Court must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fee to a reasonable amount.

### III. ANALYSIS.

#### A. Settlement Recovery.

Plaintiff Ruth initially averred he was due $19,640.17 in unpaid overtime. Doc. No. 11. The parties represent that Ruth has agreed to accept $39,000.00 as payment of his damages, less applicable withholdings, and an additional $100.00 in consideration for a general release. The parties represent that their attorneys counseled and represented them throughout the litigation and settlement process. Doc. No. 29 at 4. The Settlement Agreement reflects that Ruth voluntarily entered into the settlement. Doc. No. 29-2 ¶ 24.

---

[2] The Court recognizes, as it has in the past, that the Eleventh Circuit's unpublished opinions represent persuasive authority, rather than binding precedent. *See* 11th Cir. R. 36-2 and I.O.P. 6.

Plaintiff Ruth will receive more than the amount he claimed to be owed under the FLSA. As Ruth has not compromised his claim, the Court need not scrutinize the settlement further to consider whether the payment to Plaintiff's attorney, the hourly rate claimed by Plaintiff's attorney, or the costs claimed by Plaintiff's attorney are reasonable.[3]

B.   *Fairness Finding.*

Ruth has not compromised his FLSA claim. Accordingly, I find the settlement is necessarily a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354.

The Court need not approve the other provisions of the settlement agreement. I note that the settlement agreement contains terms that this Court would not approve, such as the confidentiality agreement, which is partially unenforceable in light of the public filing of the agreement. Accordingly, I recommend that the Court not approve the settlement agreement as a whole or reserve jurisdiction to enforce it.

**IV.   RECOMMENDATION.**

For the forgoing reasons, I respectfully recommend that the Court do the following:

1.   **FIND** that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354;

---

[3] As noted above, Gay discloses in Ruth's Unopposed Submission for Attorney's Fees that his representation of Ruth is subject to a contingent fee of 40%. The Court has rejected contingency fees as improper in FLSA actions. *E.g.*, *Zegers*, 569 F. Supp. 2d at 1259. However, Gay avers that he agreed not to seek a contingency fee, *see* Doc. No. 31 ¶ 2, but a reasonable fee "based on the time expenditure as well as the supporting Expert Affidavit" submitted with the fee affidavit. *Id.* ¶ 3. Gay avers that a reasonable fee calculated at $300.00 per hour would have been $21,450.00, more than the amount he will receive as an attorney's fee under the settlement.

2. **ORDER** counsel for Plaintiff, Attorney Gay, to allocate any funds recovered from Defendant first to Ruth, until Ruth receives the agreed $39,000.00, less applicable taxes and withholding, as FLSA compensation[4], and only thereafter to attorney's fees and costs;

3. **PROHIBIT** counsel for Ruth from withholding any portion of the $39,000.00 payable to Ruth under the settlement agreement;

4. **ORDER** counsel for Ruth to provide a copy of the Court's Order to Ruth;

5. **DECLINE** to reserve jurisdiction to enforce the settlement agreement;

6. **GRANT** the parties' Joint Motion, Doc. No. 29, and Ruth's Unopposed Submission for Attorney's Fees, Doc. No. 31;

7. **DIRECT** the Clerk of Court to close the file administratively with leave of the parties to file a motion for dismissal or for entry of judgment within thirty days.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 23, 2009.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

---

[4] The additional $100.00 payment to Ruth is not FLSA compensation.